**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6992**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

WILLIE DEROD BEALE,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Louise W. Flanagan, District Judge. (4:10-cr-00049-FL-3; 4:16-cv-00121-FL)

Submitted: February 23, 2021         Decided: March 23, 2021

Before MOTZ and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Jennifer Claire Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. John Everett Harris, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Derod Beale seeks to appeal the district court's order denying relief on his authorized, successive 28 U.S.C. § 2255 motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017).

Beale pleaded guilty to attempted robbery of a business engaged in interstate commerce, in violation of 18 U.S.C. §§ 2, 1951 ("attempted Hobbs Act robbery conviction"), and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii) ("§ 924(c) conviction"). The district court sentenced Beale to 149 months in prison, consisting of 29 months for the attempted Hobbs Act robbery conviction and a consecutive 120-month sentence for the § 924(c) conviction. The district court also imposed a total of five years of supervised release.

In his authorized § 2255 motion, Beale argued that, after, *Johnson v. United States*, 576 U.S. 591 (2015), his attempted Hobbs Act robbery conviction no longer qualifies as a crime of violence and, therefore, that his § 924(c) conviction must be vacated. Considering the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319, (2019), and our decisions in *United States v. Simms*, 914 F.3d 229, (4th Cir. 2019) (en banc), and *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019), the district court denied Beale's motion to

vacate his § 924(c) conviction. After the district court issued its decision denying Beale's authorized § 2255 motion, we held that attempted Hobbs Act robbery is not categorically a crime of violence under § 924(c)'s force clause. *United States v. Taylor*, 979 F.3d 203, 207-10 (4th Cir. 2020). And, in *Taylor*, we granted a certificate of appealability, reversed the district court's denial of § 2255 relief, vacated Taylor's § 924(c) conviction, and remanded for resentencing.

Accordingly, we grant Beale a certificate of appealability, reverse the district court's denial of Beale's § 2255 motion, vacate the § 924(c) conviction, and remand for resentencing. *See id.* at 210. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*